IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOBBIE WILSON, SR., <br>                       Plaintiff, <br><br> vs. <br><br> ANTHONY MARZANO, Correctional Officer; WILLIAM STICKMAN, Warden; RICH FITZGERALD, Chief Executive, <br>                       Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 12-1303 <br> ) Magistrate Judge Maureen P. Kelly <br> ) <br> ) <br> ) <br> ) Re: ECF No. 20 <br> ) |

## **OPINION**

**KELLY, Magistrate Judge**

Plaintiff, Dobbie Wilson, Sr. ("Plaintiff"), a pro-se litigant, brought this lawsuit pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendants Correction Officer Anthony Marzano ("Marzano"), Warden William Stickman ("Stickman"), and County Executive Rich Fitzgerald ("Fitzgerald") (collectively, "Defendants"), alleging that while he was incarcerated at the Allegheny County Jail ("ACJ"), Marzano violated Plaintiff's rights provided by the Eighth and Fourteenth Amendments of the United States Constitution by causing Plaintiff to be labeled as a "snitch" and by failing to protect Plaintiff from assaults by other inmates.[1] Plaintiff also alleges that Defendants Stickman and Fitzgerald violated his rights provided by the Eighth and Fourteenth Amendments by failing to train their subordinates.

Presently before the Court is a Motion to Dismiss submitted on behalf of Defendants. ECF No. 20. For the following reasons, the Motion will be granted in part and denied in part.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

According to the Amended Complaint, Plaintiff's constitutionally guaranteed rights were violated on four separate occasions while he was incarcerated at the ACJ. ECF No. 15. The first

---

[1] It appears that Plaintiff was released from the ACJ since he initiated this action.  See ECF No. 28.

1

incident occurred on June 29, 2012. Plaintiff alleges that Defendant Marzano told inmate Lateef Mason that Plaintiff had filed a "complaint form" against Mason and that inmates consequently labeled Plaintiff as a "jail-house rat." Id. at p. 3, ¶ C.1. The second incident occurred on July 18, 2012. Plaintiff alleges that Marzano told inmate Lance Dempster that Plaintiff had filed a "complaint form" against Dempster again causing inmates to label Plaintiff as a "jail-house rat." Id. at p. 3, ¶ C.2. The third incident occurred on August 16, 2012. Plaintiff alleges that Marzano told inmate Lateef Mason that Plaintiff had filed a "complaint form" against Mason, which led to inmate Mason's assault on Plaintiff in the showers. Id. at p. 4, ¶ C.3. Plaintiff alleges that Marzano failed to protect Plaintiff against the assault and that after he reported the assault to Marzano, he subsequently locked Plaintiff in his cell for the night and "did nothing." Id. The fourth incident occurred on August 24, 2012. Plaintiff alleges that Marzano came onto pod 6-D and announced to the whole block that Plaintiff had filed a "complaint form" against inmate Mason. Id. at p. 4, ¶ C.4. Plaintiff alleges that Marzano's actions were malicious and done with the evil intent to cause Plaintiff bodily harm and to deprive him of his rights under the Eighth Amendment.

Plaintiff also alleges that Defendants Stickman and Fitzgerald are responsible for the incidents that occurred for "negligently and inadvertently failing to train" their subordinates. Id. at pp. 4-5, ¶¶ C.5., C.6.

Plaintiff filed a Complaint on October 17, 2012, and an Amended Complaint on January 3, 2013. ECF Nos. 3, 15. In the Amended Complaint, Plaintiff brings causes of action against Defendant Marzano for failure to protect Plaintiff from harm and for deliberate indifference towards Plaintiff's health and safety in violation of his right against cruel and unusual punishment provided by the Eighth Amendment to the United States Constitution and his due

process rights under the Fourteenth Amendment. Plaintiff also brings claims against Defendants Stickman and Fitzgerald for failure to train their subordinates in violation of Plaintiff's rights provided by the Eighth and Fourteenth Amendments.

Defendants filed a Motion to Dismiss on January 11, 2013.  ECF No. 20.  Plaintiff filed a response in opposition on January 22, 2013. ECF No. 25. The Motion is now ripe for review.

## II.     STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must read the complaint in the light most favorable to the non-moving party and all well-pleaded, material allegations in the complaint must be taken as true. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.[2]

The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In Twombly, the Supreme Court held that it would not require a "heightened fact pleading of specifics," but only "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

---

[2] In certain instances, the court is not limited to evaluating the complaint alone; it can also consider documents attached to the complaint, matters of public record, indisputably authentic documents, Delaware Nation v. Pennsylvania, 446 F.3d 410, 413 n. 2 (3d Cir. 2006), documents that form the basis of a claim, Lum v. Bank of America, 361 F.3d 217, 221 n. 3 (3d Cir. 2004) (abrogation on other grounds recognized by In re Insurance Brokerage Antitrust Litig., 618 F.3d 300, 323 n. 22 (3d Cir. 2010)), and "documents whose contents are alleged in the complaint and whose authenticity no party questions," even though they "are not physically attached to the pleading . . . ." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002).  Here, although Plaintiff has provided the Court with an affidavit from inmate James Hart to support his allegations, the affidavit was not attached to, nor referenced in, the Amended Complaint and is not a matter of public record.  Accordingly, the Court will not consider this evidence at this time.

In 2009, the United States Supreme Court revisited the requirements for surviving a 12(b)(6) motion to dismiss in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Supreme Court made clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [are] not suffic[ient]" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 678.  Only "a complaint that states a plausible claim for relief [will] survive[ ] a motion to dismiss." Id. at 679.

In Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009), the United States Court of Appeals for the Third Circuit provided a two-part test to determine whether a claim survives a motion to dismiss.

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." The plaintiff must show "the allegations of his or her complaints are plausible.  Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." [This] 'plausibility' determination will be "a context – specific task that requires the reviewing court to draw on its judicial experience and common sense."

Id. (quoting Iqbal, 556 U.S. at 679).

In addition, when the plaintiff is a pro-se litigant, the court will hold the plaintiff to a less rigorous standard.

> A *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting from Haines v. Kerner, 404 U.S. 519 (1972)).

### III.   DISCUSSION

Plaintiff has brought his claims pursuant to Section 1983, which provides that:

> Every person who, under color of any statue, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979)) (footnote omitted). Thus, in order to state a claim for relief under Section 1983, the plaintiff must allege facts from which it could be inferred that "the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Id. at 423.

Here Plaintiff has alleged that Defendants have violated his rights provided by the Eighth and Fourteenth Amendments.

### A.   Claims Brought Against Defendants Stickman and Fitzgerald

Plaintiff alleges that Stickman and Fitzgerald are liable to him for failing to train their subordinates. Defendants argue that these claims are properly dismissed because Plaintiff has failed to allege sufficient facts to show that Stickman or Fitzgerald had any personal involvement in the alleged constitutional violations.

It is well established that a supervisor cannot be held liable in a Section 1983 action under a theory of vicarious liability. Rather,

> A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior. Parratt v. Taylor*, 451 U.S. 527, 537 n.3 ... (1981);

5

> *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. *Compare Boykins v. Ambridge Area School District*, 621 F.2d 75, 80 (3d Cir. 1980) (civil rights complaint adequate where it states time, place, persons responsible).

Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998). See Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990) (the plaintiff must provide evidence of supervising official's affirmative action and participation to bring about the harm to survive a motion to dismiss). Thus, to hold a supervisor liable, a plaintiff must show: "both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's assertion could be found to have communicated a message of approval to the offending subordinate." Colburn v. Upper Darby Twp., 838 F.2d 663, 673 (3d Cir. 1988).

Plaintiff's claim is based solely on a theory of *respondeat superior* as he has failed to allege any facts from which it could be inferred that there was any direct involvement or participation by Defendants Stickman or Fitzgerald in the alleged constitutional violations. To the contrary, Plaintiff has only generally alleged that Stickman and Fitzgerald "negligently and inadvertently failed to train [their] subordinates and supervise them." ECF No. 15, pp. 4-5, ¶¶ C.5., C.6. Plaintiff's conclusory statements, absent any facts to establish that either Stickman or Fitzgerald personally directed, or were aware of Marzano's conduct and communicated a message of approval to Marzano, are insufficient to survive a motion to dismiss. Accordingly, the Motion to dismiss is properly granted as to the claims brought against Defendants Stickman and Fitzgerald.

### B.     Claims Brought Against Marzano

#### 1.     Fourteenth Amendment Claim

Plaintiff alleges that Marzano violated both his Eighth and Fourteenth Amendment rights by labeling him as a "jail house rat" in front of other inmates on at least four separate occasions, which ultimately led to Inmate Mason's assault on Plaintiff on August 16, 2012. Defendants argue that Plaintiff's claim brought under the Fourteenth Amendment should be dismissed because it is duplicative of his Eighth Amendment claim.

The United States Supreme Court has elaborated on the subject when the same claim is brought under two different amendments stating that, "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." Cnty. of Sacramento v. Lewis, 523 U.S. 833, 843 (1998).

The United States Court of Appeals for the Third Circuit has followed suit in its rationale for handling duplicative claims. See Ordonez v. Yost, 289 F. App'x 553, 555 (3d Cir. 2008) ("[a]ppellant's due process clause is identical to his Eighth Amendment claim; he must bring the claim pursuant to the more explicit constitutional amendment"); Donahue v. Gavin, 280 F.3d 371, 379 (3d Cir. 2002); Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 792 (3d Cir. 2000).

Here, Plaintiff's claim that Marzano violated his due process rights provided by the Fourteenth Amendment is predicated on the same facts as his Eighth Amendment claim. ECF No. 15. As found by the United States Supreme Court and United States Court of Appeals for the Third Circuit, under these circumstances, Plaintiff's claim is properly analyzed under the more particularized Eighth Amendment claim. Accordingly, Plaintiff's Fourteenth Amendment claim against Marzano therefore will be dismissed.

### 2. Eighth Amendment Claim

Plaintiff alleges that Marzano failed to protect him from an inmate assault and was deliberately indifferent to his safety when Marzano labeled him a "snitch." The United States Supreme Court has held that, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 835.

> To establish that prison officials violated the Eighth Amendment by failing to prevent harm, an inmate must satisfy a two-pronged test that includes an objective and subjective element. *Farmer*, 511 U.S. at 828-29 .... An inmate must show (1) that the prison conditions posed a substantial risk of serious harm and (2) that prison officials were deliberately indifferent to the inmate's safety. *Id.* at 834 .... Prison officials exhibit deliberate indifference when they know of and disregard an excessive risk to inmate safety; mere negligence will not suffice. *Id.* at 835-837.... To constitute deliberate indifference as defined in *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837....

Tabb v. Hannah, 2012 WL 3113856, at *6 (M.D. Pa. July 30, 2012). Thus, "[l]abeling an inmate a snitch may give rise to an Eighth Amendment violation if the prison official acted with deliberate indifference to a substantial risk of serious harm to the inmate." Id.

In Tabb, the plaintiff alleged that because the officer labeled him as a "rat," the officer endangered him and increased his chances of an assault from another inmate, which ultimately occurred. Id. at *11. The court found that the plaintiff had alleged sufficient facts to survive a motion to dismiss on an Eighth Amendment claim for deliberate indifference. Id. Other courts have appreciated that when an inmate is labeled a snitch, it may endanger and pose a substantial risk to the inmate. See e.g., Northington v. Jackson, 973 F.2d 1518, 1525 (10th Cir. 1992) (reversing the district court's ruling granting a Rule 12(b)(6) motion when the officer was

alleged to have labeled the inmate as a snitch in order to incite other prisoners to beat the inmate); Miller v. Leathers, 913 F.2d 1085, 1088 n.* (4th Cir. 1990) ("[i[t is impossible to minimize the possible consequences to a prisoner of being labeled a snitch"); Watson v. McGinnis, 964 F. Supp. 127, 131 (S.D.N.Y. 1997) (holding that the inmate had stated an Eighth Amendment claim when the inmate alleged that officer told other inmates that he was a snitch); Thomas v. District of Columbia, 887 F. Supp. 1, 4 (D.D.C. 1995) (being "physically confronted by and threatened by inmates" after a guard started a rumor that prisoner was a snitch was "sufficiently harmful to make out an Eighth Amendment excessive force claim"); Blizzard v. Hastings, 886 F. Supp. 405, 410 (D. Del. 1995) (being labeled a snitch "can put a prisoner at risk of being injured").

Plaintiff in this case has alleged with specificity that Marzano labeled Plaintiff as a jailhouse rat on four separate occasions (June 29, 2012, July 18, 2012, August 16, 2012, and August 24, 2012), which resulted in inmate Mason's assault on Plaintiff in the showers. These assertions, like in Tabb, are sufficient facts to state an Eighth Amendment claim against Marzano. Accordingly, Defendants' Motion in this regard will be denied.

## IV.  CONCLUSION

For these reasons the following Order is entered:

AND NOW, this 16th day of August, 2013, upon consideration of the Motion to Dismiss submitted on behalf of Defendants and for the reasons set forth herein,

IT IS HEREBY ORDERED that the Motion to Dismiss, ECF No. 20, is granted in part and denied in part. The Motion is granted insofar as Plaintiff alleges that Defendants Stickman and Fitzgerald "negligently and inadvertently failed to train his/her subordinates" in violation of the Eighth and Fourteenth Amendments of the United States Constitution; and as to Plaintiff's

duplicative claim under the Fourteenth Amendment Due Process Clause. The Motion is denied insofar as the Plaintiff alleges an Eighth Amendment claims against Defendant Marzano.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   Dobbie Wilson, Sr.
      3-H Harrison Village
      McKeesport, PA 15132

      All counsel of record via CM/ECF